## GANTT v. GANTT.

MORTGAGES.—A. intended to execute a mortgage to B. to be used by him in raising funds to be used in a copartnership business in which B. was to furnish all the money; to pay the mortgage out of the copartnership profits and to return to A. satisfied at the end of the year. B. drew the papers in favor of C. C., after maturity, assigned the papers to a stranger without consideration, who assigned to appellant without consideration, and who knew the purpose for which the papers were originally made. *Held,* that the appellant could not recover.

Before KLUGH, J., Lexington, August, 1906. Affirmed.

Action by J. Davis Gantt against M. E. Gantt. The Circuit decree is as follows:

"The plaintiff instituted this action in the Court of Common Pleas for Lexington County on or about the 20th day of October, 1905, to set aside a mortgage from plaintiff to one E. C. Johnson of date the 17th day of January, 1898, and recorded in book on page 159, in the office of Clerk of Court for said county and State, which mortgage he alleges was without consideration, fraudulent and void

and was a cloud upon the title to his land, and he asked that said mortgage be delivered up and cancelled and that the Clerk of Court be required to cancel the record of same.

"The defendant filed an answer alleging, among other things, that she was the bona fide owner and holder of said mortgage for valuable consideration and alleged that said mortgage was executed for a valuable considera-tion and that no part of said mortgage had been paid, and that the same had been assigned to her for a valuable con-sideration and asked judgment that said mortgage be de-clared a bona fide obligation of the plaintiff and for a judg-ment of foreclosure.

"Upon the filing of the pleadings of said cause Samuel B. George was duly appointed referee to take testimony and report the same to the Court.

"Pursuant to said order of reference the referee took the testimony and reported the same to this Court.

"Upon the testimony so taken the case came on to be heard before me at Lexington, S. C., on the 23d day of August, 1906.

"Upon an examination of the testimony, I find that the note and mortgage mentioned and described in the com-plaint and introduced in evidence was given for the use and benefit of one E. C. Johnson and not that of the plaintiff, J. Davis Gantt. It was given for the purpose of raising money if he needed it in a certain turpentine business in which business the said Johnson was to furnish all the money as appears from a contract between the said John-son and the plaintiff, J. Davis Gantt a copy of which con-tract is in evidence; and also from the testimony of W. A. Johnson.

"That the mortgage was never used for the purpose for which it was given, that is, was never used by Johnson to raise money or to run his said turpentine business, and hence is without consideration and null and void.

"There is no proof in the case that the plaintiff ever re-ceived anything on the mortgage nor was it the intention

and agreement of the parties thereto that he should, but it was given wholly for the accommodation of E. C. Johnson.

"That the assignment of the mortgage was made by E. C. Johnson to one J. S. Craft on the 24th day of July, 1905, and then assigned by the said Craft to the defendant herein on the 21st day of September, 1905, several years after the same was due, and hence the assignee took the note and mortgage subject to all the equities existing between the original parties.

"It also appears that plaintiff intended to make the papers to W. A. Johnson, but W. A. Johnson drew them and made them to the said E. C. Johnson.

"The witness, M. M. Rawls, testified that he was present when the note and mortgage were drawn and executed, and that then and there W. A. Johnson said he might run short of money in the business and asked plaintiff to give him the note and mortgage so that he could draw some money on it in case he needed it, and also promised plaintiff then and there that he would redeem the mortgage in the fall and return same to Gantt.

"The same witness testified that he told the defendant, M. E. Gantt, wife of plaintiff, in March of 1898, that said mortgage was executed and for the purpose for which it was executed, which testimony is not denied. Also plaintiff swears that he told defendant the same thing immediately after said mortgage was executed, which is also uncontradicted.

"Plaintiff alleges that the assignment of said papers by E. C. Johnson to J. S. Craft and then by J. S. Craft to defendant herein was without consideration. The transfer from Craft to defendant on the original papers expresses a consideration of forty dollars, but there is no proof that this amount was ever paid, except the testimony of J. S. Craft, which says, 'That paper was in my possession for a short while. Assigned to me by E. C. Johnson to secure a loan to defendant of $40. The loan was afterwards paid and I transferred it back to Mrs. Gantt (defendant).'

So it appears from this testimony that Craft loaned defendant $40 some time in the past and when she paid him the $40 back he made the transfer of the papers. This was not giving $40 for papers, but getting them by paying the $40, which was borrowed; hence such transfer is without consideration as well as the transfer from Johnson to Craft. The defendant herein does not go on the stand and prove that she is a bona fide holder and owner of said mortgage for valuable consideration without notice.

"Wherefore, it is ordered, adjudged and decreed, that the mortgage from plaintiff to E. C. Johnson of date the 17th day of January, 1898, and recorded in book O. on page 159, of the clerk's office for said county and State, is without consideration, null and void, and that the defendant herein forthwith deliver up the same to the clerk of this Court to be cancelled by him, and that said clerk also enter on the face of the record of said mortgage the following words, 'Cancelled by a decree of the Court of Common Pleas in the case of J. Davis Gantt *vs.* M. E. Gantt, his wife, of date the 23d of August, 1906.'

"Let the defendant herein pay the costs of this proceeding."

From this decree defendant appeals.

*Messrs. Efird & Dreher,* for appellant, cite: *If W. A. Johnson before maturity delivered the papers to E. C. J. for value, they are valid obligations of the maker:* 17 S. C., 496; 14 S. C., 142; 2 S. C., 344. *If E. C. assigned to Craft and he to appellant, she takes the title which E. C. held, notwithstanding she may have had notice of the purpose for which the papers were made:* Jones on Mortg., 6 ed., sec. 559; 13 Rich. Eq., 222.

*Messrs. Graham & Sturkie,* contra, cite: *Appellant must show that finding of Circuit Judge is clearly against the preponderance of the testimony:* 70 S. C., 454.

February 27, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The decree of the Circuit Court in this case is so manifestly in accord with the overwhelming weight of the testimony and so full and satisfactory that it is adopted as the judgment of this Court. Since the matter is referred to in the exceptions it is proper to say the statement in the decree, that the mortgage "was given for the use and benefit of *E. C. Johnson,*" was manifestly a clerical error, the intention being to say it was for the benefit of *W. A. Johnson.*

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.